UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARY LANDRY (#326223)                                              CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.                                    NO. 12-0311-JJB-RLB

## O R D E R

This matter comes before the Court on the plaintiff's Motion for Leave to File Amended and Supplemental Pleading, rec.doc.no. 56.  However, pursuant to Order of Dismissal entered in this proceeding on July 8, 2013, rec.doc.no. 60, the Court granted the defendants' Motion to Dismiss and dismissed the plaintiff's action for failure to state a claim upon which relief may be granted.  The Court has also reviewed the plaintiff's Motion for Leave to File Amended and Supplemental Pleading and concludes that the instant Motion should be denied.

Although Rule 15(a) of the Federal Rules of Civil Procedure "evinces a bias in favor of granting leave to amend," see, e.g., Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d 765, 770-71 (5th Cir. 1999), the Court may deny such leave when the amendment would be futile, as where it would assert a non-meritorious or frivolous claim that would not survive a Rule 12(b)(6) motion to dismiss.  Id.  See also Jewell v. Bell, 388 Fed. Appx. 435 (5th Cir. 2010); Soliz v. Bennett 150 Fed. Appx. 282 (5th Cir. 2005).  Upon a review of the plaintiff's Motion and proposed amendment in this case, the Court concludes that the proposed amendment would be futile and that the plaintiff's additional allegations add nothing to alter the Court's conclusion that the plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, inasmuch as the plaintiff has apparently alleged his "best case" and inasmuch as the underlying defect in this case cannot be cured by the proposed amendment, see Watson v. Walton,

68 F.3d 465 (5th Cir. 1995) (upholding the dismissal of an inmate's § 1983 claims, notwithstanding a failure to allow the plaintiff an opportunity to amend, where the plaintiff had already alleged his "best case" and where it did not appear that the deficiencies in his pleadings would be cured by more specific pleading),

**IT IS ORDERED** that the plaintiff's Motion for Leave to File Amended and Supplemental Pleading, rec.doc.no. 56, be and it is hereby **DENIED.**

Baton Rouge, Louisiana, this _____ day of July, 2013.

**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**